STRAFFI & STRAFFI
ATTORNEYS AT LAW

DANIEL E. STRAFFI, ESQ.
bktrustee@straffilaw.com

670 COMMONS WAY
TOMS RIVER, NJ 08755
T: (732) 341-3800
F: (732) 341-3548
www.straffilaw.com
infodocuments@straffilaw.com

DANIEL E. STRAFFI, JR, ESQ.*
familyclient@straffilaw.com
bkclient@straffilaw.com

* R. 1:40 Qualified Mediator

September 3, 2026

Honorable Michael B. Kaplan
US Bankruptcy Court
402 East State Street
Trenton, NJ 08608

Re: Hops on Main, LLC
Motion to Direct Payment of Distribution to Judgment Creditor
Hearing Date: September 10, 2026 @ 10:00 am

Dear Judge Kaplan:

As Your Honor is aware, I represent Hops on Main, LLC d/b/a Battle River Brewing (the "Debtor") with respect to the above-referenced matter. Please accept this letter brief in opposition to the Motion of Michael C. Worsham to Direct Payment of Distribution to Judgment Creditor (the "Motion"), presently scheduled for hearing on September 10, 2026 @ 10:00 am.

The Motion should be denied because Worsham has established only that he holds a judgment against Raymond C. Carney and Carbro Sales & Survey, LLC. Worsham acknowledges that he has no claim against the Debtor. The New Jersey Civil Part Case Summary likewise identifies

STRAFFI & STRAFFI
ATTORNEYS AT LAW

DANIEL E. STRAFFI, ESQ.
bktrustee@straffilaw.com

670 COMMONS WAY
TOMS RIVER, NJ 08755
T: (732) 341-3800
F: (732) 341-3548
www.straffilaw.com
infodocuments@straffilaw.com

DANIEL E. STRAFFI, JR, ESQ.*
familyclient@straffilaw.com
bkclient@straffilaw.com

* R. 1:40 Qualified Mediator

only Raymond C. Carney as the judgment debtor in DJ-038300-23. See Certification of Gary Morrison ("Morrison Cert."), paragraphs 5 through 7 and **Exhibits D and E**.

The New Jersey case summary does not identify any writ of execution, levy, garnishment, turnover order, or service upon the Debtor. It reflects only a Motion to Enforce Litigant's Rights filed by Worsham on September 1, 2026, with a paper hearing scheduled for September 25, 2026. That request was filed after Worsham dated the present Motion on August 6, 2026 and after the Motion was filed in this Court on August 10, 2026. A pending enforcement request is not an entered order and does not establish a levy upon Raymond C. Carney's alleged claim against the Debtor.

The filing of an authenticated foreign judgment permits it to be treated in the same manner as a judgment of the Superior Court of New Jersey. N.J.S.A. 2A:49A-27. Registration, however, does not itself constitute a levy upon every item of personal property or every debt that may become payable to the judgment debtor.

New Jersey permits execution against "wages, debts, earnings, salary, income from trust funds or profits" of a judgment debtor. N.J.S.A. 2A:17-50. When the property sought is a debt due from a third person, the statutory procedure requires a levy before a court may direct payment by a garnishee. N.J.S.A. 2A:17-63 provides that "[a]fter a levy upon a debt due or accruing to the

STRAFFI & STRAFFI
ATTORNEYS AT LAW

DANIEL E. STRAFFI, ESQ.
bktrustee@straffilaw.com

670 COMMONS WAY
TOMS RIVER, NJ 08755
T: (732) 341-3800
F: (732) 341-3548
www.straffilaw.com
infodocuments@straffilaw.com

DANIEL E. STRAFFI, JR, ESQ.*
familyclient@straffilaw.com
bkclient@straffilaw.com

* R. 1:40 Qualified Mediator

judgment debtor from a third person," the court may, upon notice to the garnishee and judgment debtor, direct payment to the officer holding the execution or to a receiver. A judgment alone is therefore insufficient. See Vitale v. Hotel California, Inc., 184 N.J. Super. 512, 519 (Law Div. 1982).

Worsham has supplied no writ of execution, sheriff's levy, garnishment order, turnover order, assignment, or notice of transfer directed to the Debtor or to Raymond C. Carney's alleged claim. The Maryland docket reflects post-judgment discovery and contempt proceedings, but no levy upon a debt owed by Hops on Main, LLC. The New Jersey summary similarly reflects a docketed foreign judgment and a later pending enforcement motion, but no entered relief against the Debtor. Worsham has therefore failed to demonstrate any perfected right to displace Raymond C. Carney as the recipient of a bankruptcy distribution.

Worsham's reliance upon 28 U.S.C. § 157(b)(2) does not cure this deficiency. Section 157 identifies matters a bankruptcy judge may hear and determine. It does not create a substantive garnishment right or dispense with applicable execution requirements.

The Motion is also premature and overbroad. It asks the Court to redirect "any distribution" that may become payable to Raymond C. Carney without identifying an allowed claim, a fixed distribution, or the precise property supposedly reached. The Motion refers to materially

STRAFFI & STRAFFI
ATTORNEYS AT LAW

DANIEL E. STRAFFI, ESQ.
bktrustee@straffilaw.com

670 COMMONS WAY
TOMS RIVER, NJ 08755
T: (732) 341-3800
F: (732) 341-3548
www.straffilaw.com
infodocuments@straffilaw.com

DANIEL E. STRAFFI, JR, ESQ.*
familyclient@straffilaw.com
bkclient@straffilaw.com

* R. 1:40 Qualified Mediator

different figures, including $83,640.00 and $15,000.00, and attempts to distinguish purported payroll and automobile-allowance components without an adjudication of their amount or character.

No distribution to Raymond C. Carney is presently authorized. The allowance, classification, and treatment of any claim against the Debtor must be determined through the claims process and any confirmed Chapter 11 plan. The requested blanket order would determine competing rights to an unidentified future distribution without proof that Worsham completed the state-law process necessary to reach it.

Worsham's former Proof of Claim No. 2-1 in Raymond C. Carney's dismissed Chapter 13 case does not establish otherwise. That proof of claim asserted an unsecured, nonpriority claim against Raymond C. Carney. It did not transfer to Worsham any claim held by Raymond C. Carney against Hops on Main, LLC. See Morrison Cert., **Exhibit C**.

The Motion is noticed as a request to direct payment, yet it also asks the Court to grant Ian Barlet's separate motion to appoint a Chapter 11 trustee. Appointment of a trustee is governed by 11 U.S.C. § 1104 and Federal Rule of Bankruptcy Procedure 2007.1 and should be determined upon the record made in that separate contested matter. The Debtor has separately opposed

STRAFFI & STRAFFI
ATTORNEYS AT LAW

DANIEL E. STRAFFI, ESQ.
bktrustee@straffilaw.com

670 COMMONS WAY
TOMS RIVER, NJ 08755
T: (732) 341-3800
F: (732) 341-3548
www.straffilaw.com
infodocuments@straffilaw.com

DANIEL E. STRAFFI, JR, ESQ.*
familyclient@straffilaw.com
bkclient@straffilaw.com

* R. 1:40 Qualified Mediator

Barlet's trustee motion and relies upon and incorporates that opposition. Worsham presents no basis to grant trustee relief in this payment motion merely by adopting Barlet's allegations.

Appointment of a Chapter 11 trustee is an extraordinary remedy, and there is a strong presumption that the debtor should remain in possession. In re Marvel Entertainment Group, Inc., 140 F.3d 463, 471 (3d Cir. 1998). Worsham offers no new competent evidence of fraud, dishonesty, incompetence, or gross mismanagement by the Debtor.

Worsham's additional conflict argument rests upon the incorrect premise that Straffi & Straffi, LLC presently represents both the Debtor and Raymond C. Carney. The February 7, 2022 letter attached to the Straffi Certification as **Exhibit B** states only that the firm represented Raymond C. Carney in his personal Chapter 13 case while that case was pending. The Chapter 13 case was later dismissed on March 16, 2022 and closed on July 8, 2022, at which time the firm's limited representation concluded. See Straffi Cert., paragraphs 2 through 4 and **Exhibits A and B**.

The record also shows that Straffi & Straffi, LLC did not represent Raymond C. Carney in Worsham's adversary proceeding. The firm did not enter an appearance for him, and the adversary docket identifies Raymond C. Carney as appearing pro se. See Straffi Cert., paragraph 5 and **Exhibit C**.

STRAFFI & STRAFFI
ATTORNEYS AT LAW

DANIEL E. STRAFFI, ESQ.
bktrustee@straffilaw.com

670 COMMONS WAY
TOMS RIVER, NJ 08755
T: (732) 341-3800
F: (732) 341-3548
www.straffilaw.com
infodocuments@straffilaw.com

DANIEL E. STRAFFI, JR, ESQ.*
familyclient@straffilaw.com
bkclient@straffilaw.com

* R. 1:40 Qualified Mediator

Most importantly, Straffi & Straffi, LLC does not presently represent or advise Raymond C. Carney in any matter, including any claim he may assert against Hops on Main, LLC or any distribution he may receive in this Chapter 11 case. The firm represents Hops on Main, LLC only. See Straffi Cert., paragraphs 6 and 7. Worsham's evidence therefore establishes a former representation—not the simultaneous representation alleged in the Motion.

The Bankruptcy Code likewise provides that representation of a creditor, standing alone, does not disqualify a professional unless an actual conflict of interest is shown. 11 U.S.C. § 327(c). Here, Worsham has not shown a present attorney-client relationship with Raymond C. Carney, much less an actual conflict affecting the Debtor. The former Chapter 13 representation does not constitute cause to appoint a trustee under 11 U.S.C. § 1104.

Accordingly, the Debtor respectfully requests that the Court deny Worsham's Motion to Direct Payment of Distribution to Judgment Creditor in its entirety, without prejudice to whatever valid enforcement remedies Worsham may pursue against Raymond C. Carney in the appropriate nonbankruptcy forum.

STRAFFI & STRAFFI
ATTORNEYS AT LAW

DANIEL E. STRAFFI, ESQ.
bktrustee@straffilaw.com

670 COMMONS WAY
TOMS RIVER, NJ 08755
T: (732) 341-3800
F: (732) 341-3548
www.straffilaw.com
infodocuments@straffilaw.com

DANIEL E. STRAFFI, JR, ESQ.*
familyclient@straffilaw.com
bkclient@straffilaw.com

* R. 1:40 Qualified Mediator

Thank you for Your Honor's kind consideration of the foregoing.

Respectfully submitted,

Daniel E. Straffi, Jr.

DES:jm

cc: Rachel Wolf, Esq., US Trustee
Michael C. Worsham, Movant
Gary Morrison, Managing Member